# IN THE COURT OF APPEALS OF IOWA

No. 19-1838
Filed April 14, 2021

**CRAIG THOMAS MALIN,**
        Plaintiff-Appellant,

**vs.**

**THE QUAD-CITY TIMES, LEE ENTERPRISES, INC., BARB ICKES, and BRIAN WELLNER,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


        Craig Malin appeals from a jury verdict and judgment entered in favor of the

defendants.  **AFFIRMED.**



        Larry J. Thorson of Ackley, Kopecky & Kingery, L.L.P., Cedar Rapids, and

Richard A. Pundt of Pundt Law Office, Cedar Rapids, for appellant.

        Ian J. Russell and Abbey C. Furlong of Lane & Waterman LLP, Davenport,

for appellees.



        Heard by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Former Davenport city administrator Craig Malin sued a newspaper and two of its columnists—Lee Enterprises, Inc.; The Quad-City Times; Barb Ickes; and Brian Wellner—alleging they defamed and libeled him and intentionally interfered with his employment contract. The defamation and libel claims were resolved in the defendants' favor on summary judgment. The intentional-interference claim proceeded to trial. A jury found in favor of the defendants.

On appeal, Malin challenges two jury instructions that essentially precluded liability if the jury found the defendants' actions were protected by the First Amendment to the United States Constitution.

To place the challenged instruction in context, we begin with the instruction setting forth the elements of the intentional-interference claim Malin was required to prove:

## INSTRUCTION NO. 16

Mr. Malin must prove all the following propositions:
1. He had an employment contract with the City of Davenport.
2. The Quad-City Times and/or Barb Ickes, and/or Brian Wellner knew of the contract.
3. The Quad-City Times and/or Barb Ickes, and/or Brian Wellner intentionally and improperly interfered with the contract between Mr. Malin and the City of Davenport by publishing false statements concerning Mr. Malin in articles, columns, or editorials.
4. And either:
   a. The publications by the Defendants caused the City of Davenport to separate Mr. Malin from his job; or
   b. The publications by the Defendants caused Mr. Malin's performance of the contract to be unduly burdensome.
5. The nature and amount of damage.
If the Plaintiff has failed to prove any one or more of these propositions, the Plaintiff is not entitled to damages. If the Plaintiff has proved all of these propositions, the Plaintiff is entitled to damages in some amount.

*See Jones v. Lake Park Care Ctr., Inc.*, 569 N.W.2d 369, 377 (Iowa 1997) (setting forth elements of the cause of action). Critically, Malin was obligated to prove the defendants "publish[ed] false statements concerning [him] in articles, columns, or editorials."

The instructions Malin challenges stated:

### INSTRUCTION NO. 22

If you find Plaintiff proved each element in Instruction No. 16, so long as the Defendants reasonably believed the published information was true, did not act with reckless disregard for the truth, and the publications involved an issue of public concern, then they are entitled to protection of the First Amendment.

The fact the statement and/or implication are true or substantially true is a complete defense. Slight inaccuracies of expression are not important so long as the statement and/or implication are substantially true.

When improper interference occurs as a result of protected First Amendment activity, a defendant can only be liable for conduct that is separate, distinct, and precisely discernable from the otherwise protected activity. *If you find the conduct of the Defendants are publications protected by the First Amendment, you must find in favor of Defendants.*

### INSTRUCTION NO. 23

A party seeking to exercise a right under the First Amendment cannot be subject to civil liability for doing so. When individuals or groups seek to ask their Government about specific grievances, it is protected, and cannot be the basis of liability.

*If defendants' interfering conduct was the act/process of petitioning the City of Davenport (and its elected officials), then they cannot be found liable for interfering with plaintiff's contract.* Any subjective motives or internal feelings towards Plaintiff (such as ill-will or disdain) do not affect this right to petition.

(Emphasis added.) Malin argues the emphasized portions of these instructions were "tantamount to" an improper order "to return a verdict for the Defendants." He also asserts the instructions were not supported by the evidence. The defendants respond that the basis for Malin's cause of action was "publication of

articles, columns, and editorials" and "[n]o court has stripped from the press the fundamental protections of the First Amendment when the allegedly unlawful conduct constitutes nothing more than the publication of articles, columns, and editorials." Our review of challenges to jury instructions is for correction of errors at law. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016).

Decades ago, the United States Supreme Court expressed "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). The Court stated error based on "[i]njury to official reputation . . . affords no more warrant for repressing speech that would otherwise be free than does factual error." *Id.* at 272. Although these statements were made in the context of a libel suit, they are equally applicable to suits by another name premised on similar conduct. *See Beverly Hills Foodland, Inc. v. United Food & Com. Workers Union, Loc. 655*, 39 F.3d 191, 196 (8th Cir. 1994) ("[A] plaintiff may not avoid the protection afforded by the Constitution and federal labor law merely by the use of creative pleading."); *Blatty v. N.Y. Times Co.*, 728 P.2d 1177, 1182 (Cal. 1986) ("Although the limitations that define the First Amendment's zone of protection for the press were established in defamation actions, they are not peculiar to such actions but apply to all claims whose gravamen is the alleged injurious falsehood of a statement . . . ."). As the court stated in *Blatty*,

> If these limitations applied only to actions denominated "defamation," they would furnish little if any protection to free-speech and free-press values: plaintiffs suing press defendants might simply affix a

> label other than "defamation" to their injurious-falsehood claims—a task that appears easy to accomplish as a general matter—and thereby avoid the operation of the limitations and frustrate their underlying purpose.

728 P.2d at 1184 (internal citation omitted).

As noted, the gravamen of Malin's intentional-interference claim described in Instruction 16 was the falsity of the media defendants' statements. The defendants were entitled to raise First Amendment protections to the claim. *See id.* at 1184–85.

In reaching this conclusion, we have considered *Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991), cited by Malin for the proposition that "the press does not have any special immunity from the application of general laws." In *Cohen*, a newspaper published a source's name after reporters promised to keep his identity confidential. *See* 501 U.S. at 665–66. The source sued the defendants and obtained a jury verdict in his favor. *Id.* at 666. The case made its way to the United States Supreme Court on the question of "whether the First Amendment prohibits a plaintiff from recovering damages, under state promissory estoppel law, for a newspaper's breach of a promise of confidentiality given to the plaintiff in exchange for information." *Id.* at 665. The Court stated, "generally applicable laws do not offend the First Amendment simply because their enforcement against the press has incidental effects on its ability to gather and report the news." *Id.* at 669. Finding the state doctrine of promissory estoppel was "a law of general applicability" that did not "target or single out the press," the Court concluded "the First Amendment does not confer on the press a constitutional right to disregard promises that would otherwise be enforced under state law." *Id.* at 670, 672; *see*

*also Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 521 (4th Cir. 1999) (stating torts committed by newsgathering individuals did not "target[] or single[] out the press" and did not have more than an incidental effect on newsgathering); *Animal Legal Def. Fund v. Reynolds*, 297 F. Supp. 3d 901, 920 (S.D. Iowa 2018) (discussing cases that "stand for the proposition that journalists may commit generally applicable trespass and invasion of privacy torts and cannot use the First Amendment as a defense simply because the torts were committed while engaging in journalism").[1]

*Cohen* does not assist Malin. There, the Court determined the plaintiff was not "attempting to use a promissory estoppel cause of action to avoid the strict requirements for establishing a libel or defamation claim." 501 U.S. at 671. Malin's claim does just that.

We conclude Instructions 22 and 23 correctly stated the law, and the district court did not err in giving them. Faced with these instructions and Instruction 16, the jury either found that Malin failed to prove the falsity of the defendants' statements as required by Instruction 16 or found the defendants were entitled to First Amendment protections under Instructions 22 and 23. Both findings were supported by the evidence. Accordingly, we will not second-guess the jury. *See In re IBP Confidential Bus. Documents Litig.*, 797 F.2d 632, 649 (8th Cir. 1986) ("Because Bagley's position is not without substantial support, we are in no

---

[1] Whether there was "state action," a predicate to invocation of the First Amendment, was addressed in *Cohen,* 501 U.S. at 668. The court stated, "Our cases teach that the application of state rules of law in state courts in a manner alleged to restrict First Amendment freedoms constitutes 'state action' under the Fourteenth Amendment." *Id.* at 668.

position to second-guess the jury that heard and was in a position to weigh the competing evidence."). We affirm the verdict and judgment in favor of the defendants.

**AFFIRMED.**